### Anne Harold Martin, Appellee, v. Adams Express Company, Appellant.

### Gen. No. 18,975.   (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. CHARLES A. WILLIAMS, Judge, presiding. Heard in this court at the October term, 1912. Reversed and remanded. Opinion filed May 25, 1914.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Martin v. Adams Express Co., 187 Ill. App. 214.

## Statement of the Case.

Action by Anne Harold Martin against Adams Express Company to recover the value of a box of jewelry, which included a coral necklace and cross and bracelets claimed to be of extraordinary value, and which had been delivered to the defendant for carriage from Chicago to Philadelphia. From a judgment entered on a verdict in favor of plaintiff for two thousand five hundred dollars, defendant appeals.

CHARLES B. ELDER, for appellant.

MAYER, MEYER, AUSTRIAN & PLATT, for appellee.

MR. JUSTICE BROWN delivered the opinion of the court.

## Abstract of the Decision.

1. CARRIERS, § 139*—*when evidence insufficient to sustain amount of recovery.* In an action against an express company to recover the value of a lost box of jewelry, which contained a set of coral jewelry, *held* that a verdict and judgment for plaintiff for two thousand five hundred dollars could not be upheld for the reason that there was not sufficient evidence of the value of the jewelry to warrant the verdict.

2. CARRIERS, § 138*—*admissibility of evidence.* In an action against an express company to recover the value of a lost shipment of jewelry, *held* that plaintiff's father in writing a letter to the company describing the articles and their value acted as agent of the plaintiff and that the letter was relevant as an admission on the question of the value of property and also competent to impeach his testimony that the jewelry was of a greater value.

3. WITNESSES, § 340*—*evidence competent for impeachment.* Direct contradiction is not necessary to make matter competent for impeachment; inconsistency is sufficient.

4. APPEAL AND ERROR, § 1514*—*when remarks of counsel prejudicial.* In an action against an express company, conduct of plaintiff's counsel in speaking "of the war that is waged by express companies of this country and in our State of Illinois against the individual," *held* prejudicial.

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

5. CARRIERS, § 182*—*when copy of classification of rates filed with Interstate Commerce Commission admissible.* In an action against an express company to recover the value of a lost shipment of jewelry where the defense relied on a condition in the receipt limiting the value of the shipment to fifty dollars unless a greater value is stated therein, *held* that the court erred in refusing to admit in evidence a copy of the classification and tables of graduated charges applying on all business carried by the lines of the company where it was certified by the secretary of the Interstate Commerce Commission.

6. CARRIERS, § 33a*—*when schedule of rates presumed in force.* A schedule of rates of an express company approved by the secretary of the Interstate Commerce Commission several months before the date of a shipment is presumed to have been in force on the date of such shipment.

7 CARRIERS, § 33a*—*admissibility of schedule of rates without basing book.* A schedule of the rates of an express company approved by the secretary of the Interstate Commerce Commission, though not sufficient proof of the differentiated rates without the "basing book," is competent nevertheless as a part of the proof.